UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOUSTON CASUALTY COMPANY<br><br>                        Plaintiff<br><br>VERSUS<br><br>SUPREME TOWING COMPANY, INC.<br><br>                        Defendant | CIVIL ACTION NO.:<br><br>SECTION: ___<br><br>DISTRICT JUDGE:<br><br>HON. _____<br><br>MAGISTRATE JUDGE:<br><br>HON. _____ |

## HOUSTON CASUALTY COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Houston Casualty Company ("HC"), and files this, its Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, *et seq.*, seeking a declaration by this Honorable Court that no insurance coverage is owed to defendant, Supreme Towing Company, Inc. (Supreme) under Policy No. CUL 15010.126, in connection with the claims asserted against Supreme and Captain John Barrois in and/or relating to the matter of *In Re: Supreme Towing Co., Inc. as owner and operator of the M/V CAPT. BRENNAN*, Civil Action No. 2:07-cv-09231-JCZ-KWR, pending in this Court and/or Case No. 10-30871, before the U.S. Court of Appeals. There is an actual case or controversy which exists between HC and Supreme.

## PARTIES

1.

Plaintiff, Houston Casualty Company, is a foreign insurance company domiciled, organized, and having its principal place of business in Houston, Texas.

2.

Defendant, Supreme Towing Company, Inc., is a Louisiana corporation, domiciled and having its principal place of business in Plaquemines Parish, Louisiana.

## JURISDICTION AND VENUE

3.

This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1333 as this action concerns a dispute over insurance coverage under a certain marine insurance contract, and HC seeks declaratory relief pursuant to 28 U.S.C. § 2201, et seq., the Federal Declaratory Judgment statute.  This action is within the Court's Admiralty and Maritime jurisdiction under Rule 9(h).

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because defendant, Supreme, resides within this district and the events and litigation of the underlying claim(s) against Supreme were and are within this district.

## FACTUAL BACKGROUND

5.

Supreme is the named insured under a certain policy of insurance issued by HC, Policy No. CUL 15010.126 (the "HC Policy"), with effective dates of December 20, 2006 to December

20, 2007.  A copy of the HC Policy is attached hereto as Exhibit "A" and is incorporated herein by reference, as if copied *in extenso*.

6.

This declaratory judgment action arises from Supreme's claim(s) for defense and indemnity as a result of claim(s), demand(s), litigation, and/or judgment(s) asserted by Bois D'Arc Energy Inc. and its successor in interest, Stone Energy Co., Inc. (hereinafter, collectively, "Stone/BD") regarding a casualty involving damage to Stone/BD's Main Pass Well #14 and related structures, equipment (hereinafter, collectively "the Stone/BD well") and oil and gas produced from said well.

7.

On or about July 28, 2007, the Stone/BD well was damaged by an allision with a vessel. It has been adjudged in the matter of *In Re: Supreme Towing Co., Inc. as owner and operator of the M/V CAPT. BRENNAN*, Civil Action No. 2:07-cv-09231-JCZ-KWR that Supreme's vessel, along with its tow, struck the Stone/BD well (hereinafter, sometimes referred to as the "Stone/BD suit").

8.

Supreme was found to be solely liable for the allision with the Stone/BD well, based upon findings that, *inter alia*, Supreme had failed to comply with Coast Guard navigational regulations by failing to equip the vessel with up to date navigational charts, up to date electronic navigational charts and data, and up to date notices to mariners.  The Honorable Jay C. Zainey found that Supreme knew or should have known of these failures to comply with Coast Guard regulations and was not entitled to exoneration or limitation of liability under the Shipowner's

Limitation of Liability Act.  A true and accurate copy of the Court's August 12, 2010 Opinion is attached hereto as Exhibit B and its findings incorporated herein, as if copied *in extenso*.

9.

*In Re: Supreme Towing Co., Inc. as owner and operator of the M/V CAPT. BRENNAN*, Civil Action No. 2:07-cv-09231-JCZ-KWR, remains pending, as of this filing, as the Court bifurcated the matter for trial and has yet to try the damages portion of the case.

10.

HC issued a reservation of rights and non-waiver letter to Supreme on November 8, 2007, due to Stone/BD's allegations against Supreme, *inter alia*, of failure to comply with Coast Guard regulations regarding navigation of the M/V CAPT. BRENNAN and of liability for or related to pollution caused by the allision.  HC expressly reserved all rights to decline coverage for Stone/BD's claims based on Supreme's failure to comply with the terms, conditions, warranties, and exclusions of Policy No. CUL 15010.126, including but not limited to failure to comply with Coast Guard regulations pertaining to navigation requirements.  A true and accurate copy of the November 8, 2007 reservation of rights letter is attached hereto as Exhibit C and is made a part hereof, as if copied *in extenso*.

11.

Expressly subject to the reservation of rights and all terms, conditions, warranties, and exclusions of Policy No. CUL 15010.126, HC agreed to fund Supreme's defense of the Stone/BD suit and has done so through the date of filing this Complaint.

12.

HC issued an additional reservation of rights and non-waiver letter to Supreme on September 29, 2010 due to the findings contained in the Court's Opinion in the Stone/BD suit, expressly reserving all rights to decline coverage for defense and indemnity in connection with the Stone/BD suit.  A true and accurate copy of this reservation of rights and non-waiver letter is attached hereto as Exhibit D and made a part hereof, as if copied *in extenso*.

13.

HC expressly reserves all rights, and does not waive said rights, to decline coverage for Stone/BD's claims based on Supreme's failure to comply with the terms, conditions, warranties, and exclusions of Policy No. CUL 15010.126, including, but not limited to, the following wording, in pertinent part:

**GENERAL CONDITIONS APPLICABLE TO ALL SECTIONS OF THIS POLICY:**

FINES, PENALTIES, PUNITIVE DAMAGES:
Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy excludes liability for fines, penalties, punitive or exemplary damages, including treble damages or any other damages resulting from multiplication of compensatory damages.

OIL POLLUTION ACT DISCLAIMER CLAUSE:
This insurance does not constitute evidence of financial responsibility under the Oil Pollution Act of 1990 or any similar Federal or State Law, and it is a condition of this insurance that it shall not be submitted to the United States Coast Guard or any other Federal or State Agency as evidence of financial responsibility.  The Underwriters do not consent to be guarantors.

SURVEY WARRANTY:
* * *

It is understood and agreed that the following warranty is included:

* * *

Warranted the vessel(s) insured hereunder to comply with all applicable United States Coast Guard regulations pertaining to the trade and/or type of vessel insured herein.

Effective inception, this clause shall be paramount and shall override anything contained in this insurance inconsistent therewith.  Permission is granted to allow the insured vessel(s) to perform Wheel Washing operation.  [sic]

PUNITIVE/EXEMPLARY DAMAGES:
It is agreed that this policy excludes any liability imposed on the Assured as punitive or exemplary damages, howsoever described.

U.S. COAST GUARD:
It is agreed that the Assured fully comply with U.S. Coast Guard regulations with respect to manning and navigation requirements.

**MARINE LIABILITIES SPECIAL CLAUSES:**

Notwithstanding anything to the contrary contained in this policy, it is hereby understood and agreed that this policy is subject to the following exclusions and that this policy shall not apply to:

\* \* \*

2. any claims for loss, damage, liability or expense arising directly or indirectly from pollution or contamination by any substance whatsoever;

\* \* \*

10. This policy is one of indemnity and this principle may only be varied at the sole discretion of and on terms to be decided by Underwriters.


POLLUTION EXCLUSION CLAUSE (P&I) and BUY BACK ENDORSEMENT A (July 4, 1976)

This Policy will not indemnify the Assured against any sum(s) paid, nor insure against any liability, with respect to any loss, damage, cost, liability, expense, fine or penalty of any kind or nature whatsoever, and whether statutory or otherwise, incurred by or imposed on the Assured, directly or indirectly in consequence of, or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas, waters, land or air, of oil, petroleum products, chemicals or other substances of any kind or nature whatsoever.

6

IN CONSIDERATION OF AN ADDITIONAL PREMIUM OF $(INCLUDED) THE ABOVE POLLUTION EXCLUSION CLAUSE (P&I) SHALL NOT APPLY TO SUMS PAID, OR LIABILITY OF THE ASSURED:

1)   For loss of life of, or bodily injury to, or illness of, any person; or

2)   For loss, damage or expense to any cargo or property carried on board the insured Vessel(s) or,

3)   For loss, damage or expense to any cargo or property on board any other vessel or contained or stored ashore unless such sums are paid, or liability is imposed, as a result of contact of such cargo or property with oil, petroleum products, chemicals, or other substances of any kind or nature whatsoever arising in consequence of their sudden and accidental discharge, emission, spillage or leakage upon or into the seas, waters, land or air; or,

4)   For contamination of any cargo or property resulting from the pumping of oil, petroleum products, chemicals or any other substances of any kind or nature whatsoever directly into any other vessel, or between tanks of the insured Vessel(s), or into storage tanks or receptacles ashore or elsewhere.

PROVIDED that such sums, or such liability, are insured elsewhere under the terms and conditions of this Policy. All other terms and conditions, including any deductible provisions, of this Policy shall remain unchanged.

14.

HC now seeks a declaration from this Honorable Court, considering the terms, conditions, warranties, and exclusions of Policy No. CUL 15010.126 and the findings of liability against Supreme based upon violations of Coast Guard regulations by Supreme and based upon additional allegations by Stone/BD under the Oil Pollution Act, that HC owes no insurance coverage for defense or indemnity to Supreme.

15.

Pursuant to 28 U.S.C. §2201, *et seq*., this Honorable Court's admiralty and maritime jurisdiction and plenary powers, HC seeks a declaration including but not limited to the following:

  a. HC, at all material times, acted properly and in good faith with respect to the handling of the underlying claims in this matter.

  b. HC, at all material times, acted reasonably and in good faith with respect to the provision of a defense to Supreme, subject to the above-described reservation of rights letters under Policy No. CUL 15010.126 in the Stone/BD suit.

  c. HC, at all material times, acted reasonably, in good faith, and within their rights under Policy No. CUL 15010.126 in their issuance of the above-described reservation of rights letters and said reservations of rights were effective in reserving and maintaining all rights and defenses set forth therein and in the terms, conditions, warranties, and exclusions of Policy No. CUL 15010.126, while providing a defense to Supreme in the Stone/BD suit.

  d. Policy No. CUL 15010.126 does not provide coverage to Supreme for the claims and/or liabilities or portions thereof asserted against Supreme in the Stone/BD suit, due, *inter alia*, to Supreme's failure to comply with United States Coast Guard regulations in connection with the navigation, operation and management of the M/V CAPTAIN BRENNAN, Supreme's vessel found to have allided with the Stone/BD well, due to Supreme's failure to provide said vessel with proper and up to date navigational charts, electronic charts and navigational data, and notices to mariners.

  e. Policy No. CUL 15010.126 does not provide coverage with respect to any claims for punitive, exemplary or similar damages in the Stone/BD suit.

  f. Policy No. CUL 15010.126 does not provide coverage with respect to any claims or portions of claims in the Stone/BD suit involving alleged liabilities for seepage, pollution or contamination or actual or potential discharge of any substance into the seas, water, land or air.

  g. That HC is entitled to recover back from Supreme all defense attorneys' fees and expenses paid by HC, subject to the above-described reservations of rights and HC is not required to continue to pay any portion of Supreme's defense attorneys' fees and/or expenses in connection with the Stone/BD suit.

  **WHEREFORE**, Houston Casualty Company prays that this Honorable Court declare those issues set forth above in the specific claims for declaratory relief in paragraph 15 and following and that Houston Casualty Company be awarded all such other and further relief, at law or in equity, including all costs of this action, to which Houston Casualty Company may be justly entitled herein.

            Respectfully submitted,

            **LARZELERE PICOU WELLS**
            **SIMPSON LONERO, LLC**
            Two Lakeway Center - Suite 1100
            3850 North Causeway Boulevard
            Metairie, LA  70002
            Telephone:  (504) 834-6500
            Facsimile:  (504) 834-6565

      **BY:**  */s R. Jeffrey Bridger*
            **JAY M. LONERO  (LSBA # 20642) TA**
            **R. JEFFREY BRIDGER  (LSBA #01263)**

            **ATTORNEYS FOR PLAINTIFF,**
            **HOUSTON CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

  I hereby certify that on this 6th day of October, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

            */s R. Jeffrey Bridger*