**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **HOUSTON CASUALTY COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-3367** |
| **SUPREME TOWING CO. INC.** | **SECTION: "A" (4)** |

**ORDER**

Before the Court is a **Motion to Quash Deposition (R. Doc. 51)**, filed by Non-Party attorney

Gregory L. Ernst seeking an order quashing a Notice of Deposition filed by Stone Energy Offshore

("Stone Energy"), LLC, as successor by acquisition of Bois d' Arc Offshore, Ltd., which seeks to

depose Ernst on August 24, 2011.  Houston Casualty Company ("HCC") also filed a Memorandum

in Support of the Motion for Protective Order to Quash Depositions of Defense Counsel in the

Underlying Limitation Action Noticed by Stone Energy Offshore, LLC. (R. Doc. 59.)  Supreme

Towing Company, Inc. ("Supreme Towing"), and Stone Energy oppose the motion.  (R. Doc. 61.)

**I.      Background**

This matter was filed by HCC seeking a Declaratory Judgment, pursuant to Federal Rule of

Civil Procedure 57 and 28 U.S.C. § 2201, *et seq*., that it does not owe any marine insurance

coverage to the defendant, Supreme Towing Company, Inc for its liability as a result of an allision

between an unmanned oil well and the *M/V CAPTAIN BRENNAN*.

Supreme Towing, as the named insured under a policy issued by Houston Casualty, has made

1

a claim for defense and indemnity as a result of a matter asserted by Bois D'Arc Energy, Inc., and

its successor in interest, Stone Energy Co. Inc.[1]  The claim involved a casualty involving damage

to Stone Energy/BD's Main Pass Well # 14 and related structures, equipment, and oil and gas

produced from the well.  On or about July 28, 2007, the well was damaged by an allision with a

vessel.  This was litigated in the matter *In Re: Supreme Towing Co., Inc. as owner and operator of

the M/V CAPT. BRENNAN*, Civil Action No. 2:07-cv-09231-JCZ-KWR.  This matter was bifurcated

for trial.

However, on August 12, 2010, the presiding Judge found that Supreme Towing was solely

liable for the allision for failing to comply with Coast Guard navigational regulations and by failing

to equip the vessel with up to date navigational charts, electronic navigational charts, data, and up

to date notices to mariners.

On November 8, 2007, Houston Casualty issued a reservation of rights and non-waiver letter

to Supreme Towing for failure to comply with Coast Guard regulations regarding the navigation of

the *M/V Capt. Brennan*.  In this reservation of rights, Houston Casualty reserved all rights to decline

coverage for Stone Energy's claims based on Supreme Towing's failure to comply with the terms,

conditions, warranties, and exclusions of the policy.  It did, however, agree to fund Stone Energy's

defense of the lawsuit.

Following the August 2010 decision in the other litigation, Houston Casualty issued an

additional reservations of rights and non-waiver letter to Supreme Towing on September 29, 2010,

expressly reserving all rights to decline coverage for Supreme Towing's defense and indemnity.

As to the instant motion, Stone Energy served a Notice of Deposition on attorney Gregory

L. Ernst ("Ernst"), who is directly adverse to Stone Energy in the underlying limitation matter,

---

[1]Supreme Towing is the named insured under Policy No. CUL 15010.126 from Houston Casualty with effective dates of December 20, 2006 through December 20, 2007.

purportedly to obtain facts regarding whether HCC waived its policy defenses under the protection

and indemnity policy and breached the duty of good faith owed to its assured in handling of the

allision claim.[2]  Stone Energy and Supreme Towing contend that they should be allowed to question

counsel regarding the claim to HCC and whether HCC knew or should have known of potential

coverage defenses immediately after the allision.

HCC, although not a direct party to the limitation action, alleges that it is an interested party

because it has maintained security for the limitation and is also funding Supreme Towing's and

Capt. Barrios' defenses, subject to a reservation of rights.  HCC, in support of the motion, seeks all

costs and attorneys fees incurred in connection with the allegedly improperly sought discovery.

Stone Energy and Supreme Towing oppose the motion.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged

matter that is relevant to any party's claim or defense."  Fed.R.Civ.P. 26(b)(1).  The Rule specifies

that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence."  *Id.*  The discovery rules are accorded

broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.

*Hebert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and

necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting

*Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope

of discovery is within the sound discretion of the trial court."  *Coleman v. Amer. Red Cross*, 23 F.3d

1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if:   (1) the discovery sought is

---

[2]Jeffrey Sanfrod, Esq., defense counsel for Capt. John Barrois also received a notice of deposition.  In response, he filed a Motion for Protective Order (R. Doc. 52) which was resolved by the Court in an earlier decision.  (R. Doc. 77.)

unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.*

**III.     Analysis**

Ernst contends that under *Shelton v. American Motors Corp.*[3], three factors must be established before an adverse party's attorney may be deposed. First, it must demonstrate that there are no other means to obtain the information; second, that the information is relevant and non-privileged; and finally, that the information is crucial to the preparation of the case.

Ernst contends that Stone Energy has not provided an explanation for the type of information sought from him and why such information is not protected under the attorney-client privilege and work product privilege. Ernst contends that he knows simply that Stone Energy seeks to inquire as to when he reported certain information he learned in depositions to his client and to his clients' insurer. Ernst contends that Stone Energy has not established any of the factors set forth in *Shelton*.

Houston Casualty contends that Stone Energy and Supreme Towing are seeking to depose an opposing counsel in the limitation action "at a critical time when Supreme Towing is prosecuting its appeal from the liability ruling and preparing for the impending trial on damages." (R. Doc. 59, p. 2.) It contends that it further seeks attorney-client communications and attorney work-product

---

[3]805 F.2d 1323 (8th Cir. 1987).

and thought processes.

In contrast, Intervenor Stone Energy and Defendant Supreme Towing contend that they do not seek to depose opposing counsel in this case, but instead seek to depose counsel in another case. They further contend that the facts they seek to obtain are not privileged and nor do they constitute litigation strategy.  Stone Energy and Supreme Towing further contend that Ernst is represented by counsel whose legal fees are being paid by Houston Casualty for Supreme Towing such that the deponent will be adequately represented and any privilege or strategy objections preserved and protected.

Further, they suggest that while the deponent is an attorney, he simply has factual knowledge which would be essential to a determination of the coverage issue including waiver, estoppel and notice in this pending litigation.  They indicate that they want to question Ernst about the reporting of the claim to HCC and whether HCC knew or should have known of potential coverage defenses immediately after the allision.  They concede that they want to question Ernst about communications between coverage and defense counsel and HCC's failure to provide Supreme Towing with *Cumis* counsel or advise Ernst of the conflict between HCC and Supreme Towing.  Stone Energy and Supreme Towing further contend that the normal presumption against allowing a deposition of an attorney of an opposing party is not applicable in the instant case because they are not "adverse counsel."  Supreme Towing points out that it seeks the deposition of its attorney in the limitation action and not the declaratory judgment action.

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just

result.  *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958).  Discovery is intended

to operate with minimal judicial supervision unless a dispute arises and one of the parties files a

motion involving judicial intervention.  "The rules require that discovery be accomplished

voluntarily; that is, the parties should affirmatively disclose relevant information without the

necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918

F.Supp. 1524, 1542 (M.D. Ga. 1995), *rev'd on other grounds*, 99 F.3d 363 (11th Cir. 1996); *Cruz

v. United States*, No. 3:09-cv-155-J-25TEM, 2010 WL 2612509, at *2 (M.D. Fla, June 25, 2010).

"Rule 26 embraces all 'relevant information' a concept which is defined in the following

terms: 'Relevant information need not be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence.'" *Victor v. Lawler*, No. 3:08-CV-01374,

2010 WL 2595945, at * 2 (M.D. Pa. June 24, 2010); *see also United States v. Shaw*, No. 04-2503

RDR, 2005 WL 3418497, at * 1 (D. Kan. 2005)(stating that relevancy is broadly construed to "as

a general proposition, a request for discovery should be considered relevant if there is 'any

possibility' that the information sought may be relevant to the claim or defense of any party"

(quoting *Sheldon v. Vrmonty*, 203 F.R.D. 679, 689-90 (D. Kan. 2001))).

In *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir.1987), the case relied upon by

Ernst,  the Eighth Circuit set out a three-part test in an effort to limit the circumstances in which

opposing trial counsel must submit to a deposition.  The proponent of the deposition must satisfy

each prong of the test before the deposition of "opposing counsel" can be taken.  First, there must

be no other means available to obtain the information other than to depose opposing counsel.  *Id.*

at 1327.  Second, the information sought must be relevant and non-privileged.  *Id.*  Finally, the

information must be crucial to the preparation of the case.  *Id.*

A few years later, the Eighth Circuit clarified the application of the *Shelton* test in *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726 (2002), where it permitted the deposition of counsel regarding a prior, completed case. The court in *Pamida* stated that "[t]he *Shelton* test was intended to protect against the ills of deposing opposing counsel in a pending case which could potentially lead to the disclosure of the attorney's litigation strategy." *Id.* at 730. The court pointed out specifically that *Shelton* was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial." *Id.*

The Eight Circuit found that the *Shelton* test did not apply to the deposition of opposing counsel with regard to discovery of information in the completed case and the *Shelton* factors need not be satisfied. Thus, as clarified by the Eighth Circuit, the *Shelton* test applies to limit depositions of attorneys in only two instances: (1) when trial or litigation counsel are being deposed and (2) when such questioning would expose litigation strategy in the pending case. *United States v. Philip Morris Incorporated,* 209 F.R.D. 13, 17 (D.D.C.2002).

In this case, it is undisputed that Ernst is not the trial or litigation counsel of record in the subject matter. It is also apparent that Stone Energy and Supreme Towing's proposed line of questioning will not involve any questions which might expose trial strategy in the limitation action but only seek notice information regarding the alleged conflict between Supreme Towing and its insurer, HCC.

According to Stone Energy and Supreme Towing the deposition is sought to determine if there were communications between coverage and litigation counsel in the limitation action, HCC's

failure to provide Supreme Towing with *Cumis* counsel, whether HCC waived its defenses under

th e protection and indemnity policy, a line of questioning which does not encroach upon either the

attorney client or the work product doctrine in the related limitation action.  Thus, the *Shelton* test

does not apply in this case.  As such, Ernst  must appear for a deposition at a time and place to be

decided by Stone Energy and Supreme Towing.

**IV.**     **Conclusion**

Accordingly,

**IT IS ORDERED** that the **Motion to Quash Deposition (R. Doc. 51)** is hereby **DENIED.**

New Orleans, Louisiana, this 4th day of November, 2011.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**