UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOUSTON CASUALTY COMPANY,** Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **No. 10-3367** |
| **SUPREME TOWING CO., INC.,** Defendant | **SECTION "E"** |

### ORDER AND REASONS

Before the Court are three motions in limine filed by plaintiff Houston Casualty Company ("HCC"): (1) a Motion in Limine to Preclude Testimony of Martin Davies;[1] (2) a Motion in Limine to Preclude Testimony of E.W. (Billy) Condon;[2] and (3) a Motion in Limine to Preclude Testimony of Douglas R. Halsey.[3] For the reasons set forth below, the motions are granted in part and denied in part.

### FACTUAL BACKGROUND AND RELEVANT PROCEDURAL HISTORY

HCC is seeking a declaratory judgment that it does not owe any marine insurance coverage to the defendant, Supreme Towing Company, Inc. ("Supreme"), for Supreme's liability as a result of an allision between an oil well and Supreme's vessel the M/V CAPTAIN BRENNAN ("the vessel").[4] The allision, which occurred on or about July 28, 2007, saw the vessel strike Main Pass Well #14, an unmanned oil well in the Gulf of Mexico owned by Bois D'Arc Offshore ("BD"). Supreme, as the named insured under a policy issued by HCC, made a claim for defense and indemnity as a result of a matter asserted by

---

[1] R. Doc. 175.

[2] R. Doc. 176.

[3] R. Doc. 178.

[4] *See* R. Doc. 1.

1

BD.[5] On November 30, 2007, Supreme initiated a separate action in this Court, praying for exoneration from or a limitation of its liability as a result of the allision (the "Limitation Action").[6] The Limitation Action was bifurcated for trial. On August 28, 2008, Stone acquired BD and became the real party in interest in the Limitation Action.[7]

After a seven day bench trial on the liability phase of the Limitation Action, Judge Zainey found on August 12, 2010 that Supreme was solely liable for the allision.[8] In his Findings of Fact and Conclusions of Law, Judge Zainey held that Supreme's failure to comply with certain Coast Guard navigational regulations and its failure to equip the vessel with up to date navigational charts, electronic navigational charts, data, and up to date notices to mariners was the proximate cause of the allision.[9] The parties reached a settlement agreement on the issue of damages. Part of this settlement agreement included the assignment of all rights Supreme may have against HCC to Stone.

HCC subsequently filed this declaratory judgment action on October 6, 2010.[10] The parties have cross-motions for summary judgment pending on the issue of coverage.[11] HCC

---

[5] Supreme was the named insured under Policy No. CUL 15010.126 from HCC, which had effective dates of December 20, 2006 through December 20, 2007. There is no dispute that this policy was in place at the time of the allision.

[6] *See In Re: Supreme Towing Co., Inc. as owner and operator of the M/V CAPT. BRENNAN*, Civil Action No.2:07–cv–09231.

[7] *See* R. Doc. 40 in the Limitation Action.

[8] *See* R. Doc. 169 in the Limitation Action.

[9] *See id*. at p. 45.

[10] R. Doc. 1.

[11] *See* R. Doc. 81; R. Doc. 173; R. Doc. 181.

claims that certain provisions in Policy No. CUL 15010.126, which essentially called for Supreme to follow all Coast Guard regulations, are grounds for HCC denying coverage to Stone (as real party in interest for Supreme). Stone argues that HCC has no right to deny coverage, that even if it did have a right to deny coverage, it waived that right by failing to issue a timely and effective reservation of rights, and that even if HCC's first reservation of rights was timely and effective, that HCC should be estopped from denying coverage because of its actions following that first reservation of rights letter.

During the course of this litigation, Stone has hired a number of experts. HCC now seeks to exclude the testimony of three of those experts: Martin Davies ("Professor Davies"), Billy Condon ("Mr. Condon"), and Douglas Halsey ("Mr. Halsey"). Professor Davies, a professor of admiralty law at the Tulane University Law School, prepared a report in which he offered his opinion on the Coast Guard provisions in Policy No. CUL 15010.126, the provisions on which HCC is now relying as grounds to deny coverage.[12] Professor Davies' report states his opinion that the provisions were neither warranties nor exclusion clauses. Mr. Condon, an insurance adjuster, prepared a report in which he offered his opinion on the importance of "splitting" insurance files when the insurer intends to deny coverage, his opinion that the reservation of rights correspondence sent by HCC to Supreme after the allusion and after Judge Zainey's ruling was insufficient as a matter of law, and his opinion that the Coast Guard provisions in the policy were not typical and thus placed HCC under a heightened duty with respect to its reservation of rights.[13] Mr. Halsey, a marine safety consultant and former active duty member of the United States Coast Guard, prepared a

---

[12] R. Doc. 175-2.

[13] R. Doc. 176-2.

report in which he offered his opinion on the likelihood of a violation of a Coast Guard regulation when a vessel is involved in an allusion, his opinion that the Coast Guard provisions in Policy No. CUL 15010.126 had a "special/technical meaning," and the general reasons for an insurer to undertake a pre-binding safety audit.[14] Stone argues that because this is a bench trial, and because the proferred testimony is reliable and relevant, the testimony of Professor Davies, Mr. Condon, and Mr. Halsey should be admitted as expert testimony.[15] HCC filed a brief reply to Stone's opposition.[16]

## ANALYSIS

### I. Applicable Rules

The Federal Rules of Evidence govern HCC's motion to preclude the testimony of Stone's experts. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459 (5th Cir. 2002). Rule 702 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702. This rule applies not only to testimony based on scientific knowledge, but also to testimony of engineers and other experts that is based on technical or specialized knowledge. *See Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing

---

[14] R. Doc. 178-2.

[15] R. Doc. 194.

[16] R. Doc. 204.

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999)). Rule 702 requires the trial court to act as a "gatekeeper," tasked with making a preliminary assessment to determine whether the expert testimony is both reliable and relevant. *Pipitone*, 288 F.3d at 243-44 (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993)).

The judge is the trier of fact in this declaratory judgment action. "Most of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district court judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice - admit or exclude - and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *Thompson v. Rowan Cos.*, No. 06-3218, 2007 WL 724646, at *1 (E.D. La. Mar. 6, 2007) (Barbier, J.) (quoting *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003))

While an expert witness is permitted to give his opinions on an "ultimate issue" of fact, assuming he is qualified to do so, he is not permitted to make credibility determinations or offer conclusions of law. FED. R. EVID. 704; *see also Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) ("an expert may never render conclusions of law . . . nor, may an expert go beyond the scope of his expertise in giving his opinion."); *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) ("Fed. R. Evid. 704 abolished the per se rule against testimony regarding ultimate issues of fact. . . . Rule 704, however, does not open the door to all opinions."). As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight of the evidence rather than its admissibility, and should be left for the finder of fact. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).

## II. Martin Davies

HCC argues that Professor Davies' report is nothing more than a series of legal conclusions, and thus not an opinion at all. Stone argues that marine insurance policies like Policy No. CUL 15010.126 are complex and outside of the purview of the common knowledge of the Court, and that Professor Davies' report would be helpful for the Court in its understanding of the policy.

Professor Davies is qualified as a legal expert in the area of maritime law, including marine insurance policies.[17] He will be allowed to offer testimony regarding marine insurance policies and customary exclusionary clauses and provisions. However, while Professor Davies is qualified to testify as an expert in the field of maritime law and marine insurance policies, he cannot offer legal conclusions concerning the interpretation of Policy No. CUL 15010.126 under Louisiana law. This is the exclusive province of the trial court, and the Court is capable of making the necessary legal determinations without the assistance of Professor Davies. Professor Davies will also not be allowed to offer any opinion as to the intent of the parties. *Goodman*, 571 F.3d at 399. HCC's motion in limine to preclude the testimony of Professor Davies is granted in part and denied in part.

## III. Billy Condon

HCC also argues that Billy Condon's testimony should be precluded. HCC argues that Mr. Condon's report includes a number of impermissible legal conclusions and that his testimony is self-serving and one-sided. Stone disagrees, arguing that Mr. Condon's report

---

[17] HCC questions Professor Davies' qualifications as an expert because he is not a licensed Louisiana attorney and the policy is governed by Louisiana law. However, as evidenced by Professor Davies' extensive curriculum vitae, his many publications on issues involving admiralty and maritime law, including maritime insurance law, and his nearly thirty years of teaching and research experience, it is clear that Professor Davies is qualified as an expert in the area of maritime insurance law. One does not need to be a licensed Louisiana attorney to be an expert in the law and the customs in an industry.

is simply his opinion on HCC's reservation of rights correspondence, and also that Mr. Condon is qualified to offer an opinion on the importance of an insurance company "splitting" its files under certain circumstances.

Billy Condon is qualified as an expert in the area of insurance adjusting of maritime claims.[18] He will be allowed to testify regarding customs and practices in the insurance industry, including best practices regarding file splitting in general and customs and practices related to reservation of rights correspondence. He will also be allowed to testify as to his opinion that a United States Coast Guard provision in a Protection & Indemnity ("P&I") policy is non-typical. However, he will not be allowed to offer his opinion as to the legal sufficiency of any of HCC's reservation of rights correspondence. As with Professor Davies' proferred testimony, this is an area that is the exclusive province of the trial court. *Goodman*, 571 F.3d at 399. HCC's motion in limine to preclude Mr. Condon's testimony is granted in part and denied in part.

### IV. Douglas Halsey

Finally, HCC argues that Douglas Halsey should be precluded from testifying at the bench trial of this matter, contending that Mr. Halsey's testimony would not assist the Court in its role as trier of fact, and also that Mr. Halsey is not qualified as an expert in the fields of insurance and contract interpretation. Stone argues that Mr. Halsey is indeed qualified to testify regarding the Coast Guard provisions in Policy No. CUL 15010.126. Stone also argues that Mr. Halsey's expert report, and his expected testimony, does not delve into the realm of legal conclusions and legal opinions, but instead focuses on Coast

---

[18] HCC complains that Mr. Condon is not an attorney, but one does not need to be an attorney to understand insurance.

Guard provisions and regulations more generally.

Mr. Halsey, a veteran of the Coast Guard and professional marine safety expert, is qualified as an expert in the field of marine safety, including safety audits. HCC has no objection to the sections of Mr. Halsey's report relating to his opinion on the standard in the marine insurance industry of conducting safety audits to assess potential risk[19] and his opinion on the accepted industry protocol for such an audit.[20] Mr. Halsey will be allowed to offer his expert testimony with respect to these issues. Mr. Halsey will not be allowed to offer any other opinions regarding safety audits. Mr. Halsey will not be allowed to offer an opinion on the legal significance of the safety audits conducted by HCC in this case.

Mr. Halsey will also be allowed to offer his expert testimony regarding the Coast Guard regulations as set forth on page two of his report.[21] However, while Mr. Halsey's report questions the validity of the Coast Guard provisions in Policy No. CUL 15010.126, this is outside the scope of Mr. Halsey's expertise, and such an opinion will not assist the Court in its role as trier of fact. Mr. Halsey will not be permitted to offer an unwarranted legal opinion on the significance or validity of the Coast Guard provisions in the policy, or on Coast Guard regulations in general as they relate to HCC's potential insurance liability. HCC's motion in limine to preclude the testimony of Mr. Halsey is granted in part and denied in part.

## CONCLUSION

For all of the forgoing reasons, **IT IS ORDERED** that HCC's Motions in Limine are

---

[19] *See* R. Doc. 178-2 (last full paragraph on p. 5).

[20] *See id.* (first full paragraph on p. 6).

[21] *See id.* at p. 2.

8

**GRANTED IN PART** and **DENIED IN PART.**

Specifically, **IT IS FURTHER ORDERED** that HCC's motion in limine to preclude Professor Davies' testimony be and hereby is **DENIED IN PART**, as he will be allowed to offer testimony regarding marine insurance policies and customary exclusionary clauses and provisions.

**IT IS FURTHER ORDERED** that HCC's motion in limine to preclude Professor Davies' testimony be and hereby is **GRANTED IN PART**, as Professor Davies will not be allowed to he cannot offer legal conclusions concerning the interpretation of Policy No. CUL 15010.126 under Louisiana law or offer an opinion as to the intent of the parties.

**IT IS FURTHER ORDERED** that HCC's motion in limine to preclude Mr. Condon's testimony be and hereby is **DENIED IN PART**, as he will be allowed to testify regarding customs and practices in the insurance industry, including best practices regarding file splitting in general and customs and practices related to reservation of rights correspondence, and also as to his opinion that a United States Coast Guard provision in a P&I policy is non-typical.

**IT IS FURTHER ORDERED** that HCC's motion in limine to preclude Mr. Condon's testimony be and hereby is **GRANTED IN PART**, as Mr. Condon will not be allowed to offer his opinion as to the legal sufficiency of any of HCC's reservation of rights correspondence.

**IT IS FURTHER ORDERD** that HCC's motion in limine to preclude Mr. Halsey's testimony be and hereby is **DENIED IN PART**, as he will be allowed to offer his expert testimony with respect to the standard in the marine insurance industry of conducting safety audits to assess potential risk and the accepted industry protocol for such an audit,

and also his expert testimony regarding the Coast Guard provisions cited in Judge Zainey's opinion in the Limitation Action, his opinion on whether or not a maritime accident could occur in the absence of a violation of those regulations, and to the general "Rules of the Road" applicable to maritime navigation.

Finally, **IT IS FURTHER ORDERED** that HCC's motion in limine to preclude Mr. Halsey's testimony be and hereby is **GRANTED IN PART**, as Mr. Halsey will not be allowed to offer any other opinions regarding safety audits, his opinion about the legal significance of the safety audits conducted by HCC in this case, and his opinion as to the legal significance or validity of the Coast Guard provisions in the policy.

**New Orleans, Louisiana, this** __12th__ **day of September, 2012.**

                                                            _____
                                                           **SUSIE MORGAN**
                                       **UNITED STATES DISTRICT JUDGE**