UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOUSTON CASUALTY COMPANY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 10-3367** |
| **SUPREME TOWING CO., INC.,**<br>    **Defendant** | **SECTION "E"** |

ORDER AND REASONS

Before the Court are the following motions filed by plaintiff Houston Casualty Company ("HCC"): (1) motion to stay Magistrate Judge Roby's Order regarding intervenor Stone Energy Offshore, LLC's ("Stone") motion to compel;[1] (2) motion for expedited review of the motion to stay;[2] (3) motion to continue the bench trial of this matter, which is scheduled to begin on September 17, 2012;[3] (4) motion for expedited review of the motion to continue;[4] (5) motion for appeal/review of Judge Roby's Order;[5] (6) motion for expedited review of the motion for appeal/review of Judge Roby's Order;[6] and (7) motion for leave to file a supplemental memorandum in support of the motion for appeal/review Judge Roby's Order.[7] For the reasons set forth below, HCC's motion to stay is granted in part and

---

[1] R. Doc. 256. Stone's motion to compel is R. Doc. 169; Judge Roby's Order is R. Doc. 255.

[2] R. Doc. 257.

[3] R. Doc. 258.

[4] R. Doc. 259.

[5] R. Doc. 260.

[6] R. Doc. 261.

[7] R. Doc. 263.

1

denied in part,[8] HCC's motion to continue trial is denied,[9] HCC's motion for appeal/review of Magistrate Judge Roby's Order is granted in part, denied in part, and this Court's ruling is deferred in part.[10]

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.2, non-dispositive pretrial matters decided by a magistrate judge may be appealed to the district judge. The order of a magistrate judge may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also FED. R. CIV. P. 72(a); LR 72.2.

HCC argues that Judge Roby's Order,[11] which granted in part Stone's motion to compel the production of certain documents by HCC,[12] is clearly erroneous. In that Order, Judge Roby ordered HCC to produce to Stone certain documents that HCC argues are privileged from production under the attorney-client privilege and work product doctrines. Several of these documents relate to Gregory Ernst ("Ernst"), Supreme's attorney in a related case, *In Re: Supreme Towing Co., Inc. as owner and operator of the M/V CAPT. BRENNAN*, Civil Action No. 2:07–cv–09231 (hereinafter referred to as the "Limitation Action"). HCC argues that a previous ruling by Judge Zainey in this case,[13] in which it was

---

[8] HCC's motion for expedited review of the motion to stay is granted. As noted below, a partial temporary stay of Judge Roby's Order is in effect until Sunday, September 16, 2012.

[9] HCC's motion for expedited review of its motion to continue is granted.

[10] HCC's motion for expedited review of its motion for appeal/review of Judge Roby's order is granted. HCC's motion for leave to file a supplemental memorandum in support of its motion for appeal/review is also granted.

[11] R. Doc. 255.

[12] R. Doc. 169.

[13] R. Doc. 105.

ordered that communications between Ernst, HCC, and defendant Supreme Towing ("Supreme") were privileged, is controlling on the privilege issue now before the Court. The Court disagrees with HCC's argument. As Judge Roby noted, the facts have changed substantially since that time. At the time of Judge Zainey's ruling, Supreme joined HCC in opposing the deposition of Ernst and in the argument that Ernst's communications were privileged. However, as a result of a 2012 assignment agreement signed by counsel for Supreme, Stone, and HCC, Stone now stands in the shoes of Supreme, and Stone is the party requesting production of the documents for which HCC is claiming privilege. HCC is now seeking declaratory judgment that it owes no coverage to Supreme/Stone. The parties are not aligned as they were at the time of Judge Zainey's ruling. Any attorney-client privilege with Ernst is the privilege of Supreme that now may be exercised, or not exercised, at the discretion of Stone as the assignee of Supreme. Furthermore, as Judge Roby noted, the deposition testimony of Dunbar Healy ("Healy"), general counsel for HCC's subsidiary Continental Underwriters, has revealed that Healy failed to clarify his role in the case in his discussions with Ernst; a declaration of Ernst was secured by HCC which confirms that he communicated with the claims adjuster, general counsel and coverage counsel; and HCC's witness list includes Ernst as a "may call" witness without limitation.

Judge Roby found that there is no common legal interest privilege applicable to communications between Ernst and Healy or HCC. While the Fifth Circuit recognizes a common legal interest privilege, the privilege applies only in two situations: "(1) communications between co-defendants in actual litigation and their counsel, and (2) communications between potential co-defendants and their counsel." *Stanley v. Trinchard*, No. 02-1235, 2005 WL 230938, at *1 (E.D. La. Jan. 27, 2005) (citing *In re Sante Fe Int'l*

3

*Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). In this case, HCC and Supreme are not co-defendants or potential co-defendants. HCC is seeking declaratory judgment that it owes no coverage to Supreme. Ernst represented Supreme in the Limitation Action, and only Supreme. No attorney-client relationship exists between HCC and Ernst, and they share no common interest.[14]

Accordingly, Judge Roby's Order on these points is not contrary to law or clearly erroneous. Indeed, it correctly states and applies the law with respect to the issue of whether Ernst's communications with Supreme and/or HCC are protected by the attorney-client privilege. Judge Roby found that those communications were not so protected, and ordered that HCC produce those documents HCC to Stone by 5:00 p.m. on September 14, 2012.[15] However, the Court finds that Document 148 may have been inadvertently ordered to be produced by Judge Roby. Accordingly, **IT IS ORDERED** that HCC's motion for appeal/review of Judge Roby's Order be and hereby is **GRANTED IN PART, DENIED IN PART** and the Court **DEFERS** ruling in part.

**IT IS FURTHER ORDERED** that HCC produce the documents to Stone, as set forth in Judge Roby's Order with the changes and exceptions noted below, by **12:00 Noon on Sunday, September 16, 2012**, in electronic format:

- **Document 148 on HCC Privilege Log:**[16] It appears to the Court

---

[14] The Court notes that even if an attorney client privilege ever existed between HCC and Ernst, any privilege that may have existed has been waived.

[15] On September 14, 2012, the Court granted a temporary stay of Judge Roby's Order to allow an opportunity to consider HCC's motion for appeal/review of that Order. In accordance with this Order, that temporary stay has been lifted in part and extended in part.

[16] R. Doc. 169-21. This privilege log was provided to Stone in response to Stone's request for documents from HCC. Stone's motion to compel seeks to compel HCC to turn over several of the documents marked in this log as privileged.

> that Judge Roby inadvertently included this document in a list of documents ordered produced because they were authored or received by Ernst. It does not appear that Ernst authored or received this document and it is not otherwise discoverable. This document need not be produced.

- **Document 67 on HCC Privilege Log:** In one portion of her ruling, Judge Roby said that this document was to be produced because the privilege had been waived as to Ernst and in another she said it was not to be produced because the privilege had not been waived as to Sanford. To clarify, this document must be produced because the privilege has been waived.

**IT IS FURTHER ORDERED** that HCC's motion to stay Judge Roby's Order be and hereby is **DENIED IN PART**, insofar as the documents listed above must be produced by 12:00 p.m. on Sunday, September 16, 2012.

**IT IS FURTHER ORDERED** that the Court defers ruling on HCC's appeal/review of Judge Roby's Order with respect to the following documents:

- **Documents 2, 4, 6-7,[17] 63, 103, 112-113, 142, 145, 151-156, 285-286, 296-298, 308, 327, 333, 336, 352-353, 393, 418, 420-435, 468, 471, 477, 479, 501, 503-504, and 506-513 on HCC Privilege Log:** The Court will rule on production of these documents on Sunday, September 17, 2012. The temporary stay of Judge Roby's Order with respect to these documents is extended until the Court rules on the production of these documents. In the meantime, HCC need not produce these documents to Stone.

**IT IS FURTHER ORDERED** that HCC's motion to stay be and hereby is **GRANTED IN PART**, as Judge Roby's Order is stayed with respect to Documents 2, 4, 6-7, 63, 103, 112-113, 142, 145, 151-156, 285-286, 296-298, 308, 327, 333, 336, 352-353, 393, 418, 420-435, 468, 471, 477, 479, 501, 503-504, and 506-513 on HCC's Privilege Log until the Court rules.

---

[17] The Court notes that with respect to documents 3 and 5, HCC failed to identify the author of the documents and as a result has not established that a privilege exists.

**IT IS FURTHER ORDERED** that HCC's motion to continue trial be and hereby is **DENIED.** The documents at issue are listed on HCC's privilege log dated July 16, 2011. Obviously, these documents have been the subject of dispute since before that date, and they must have been in HCC's possession for it to compile the privilege log. HCC has had sufficient time to analyze the documents and prepare for trial. Stone, which has not had access to these documents, does not request a continuance, and has indicated a willingness to go forward with the trial as scheduled.

**IT IS FURTHER ORDERED** that HCC's motion for expedited review of its motion to stay, of its motion to continue, and of its motion for appeal/review of Judge Roby's Order be and hereby are **GRANTED.**

New Orleans, Louisiana, this __15th__ day of September, 2012.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**