## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HOUSTON CASUALTY COMPANY,**         **CIVIL ACTION**
     **Plaintiff**

**VERSUS**                        **No. 10-3367**

**SUPREME TOWING CO., INC.,**         **SECTION "E"**
     **Defendant**

### ORDER AND REASONS

On September 15, 2012, the Court ruled on several motions filed by plaintiff Houston Casualty Company ("HCC").[1]  Two of those motions were a motion for appeal/review of Magistrate Judge Roby's Order regarding a motion to compel filed by intervenor Stone Energy Offshore, LLC ("Stone")[2] and a motion to stay Judge Roby's Order.[3]  The Court affirmed Judge Roby's Order in part, reversed it in part, and deferred ruling in part.  The Court granted the motion to stay Judge Roby's Order with respect to those documents on which the Court deferred its review of Judge Roby's Order.  Those documents for which the Court deferred ruling are documents 2, 4, 6-7, 63, 103, 112-113, 142, 145, 151-156, 285-286, 296-298, 308, 327, 333, 336, 352-353, 393, 418, 420-435, 468, 471, 477, 479, 501, 503-504, and 506-513 on the Privilege Log[4] HCC provided to Stone in response to Stone's request for documents in July 2011.  The production of these documents was requested by Stone in its motion to compel.  Judge Roby ruled that documents 63, 103, 112-113, 142, 145, 151-156,

---

[1] R. Doc. 266.

[2] R. Doc. 260.  Stone's motion to compel is R. Doc. 169; Judge Roby's Order is R. Doc. 255.

[3] R. Doc. 257.

[4] R. Doc. 169-21.

1

285-286, 296-298, 308, 327, 333, 336, 352-353, 418, 420-435, 468, 471, 477, 479, 501, 503-504, and 506-513 were discoverable because they were not protected by the work product doctrine, as HCC had claimed. With respect to documents 2, 4, 6 and 7, Judge Roby ruled that the documents were discoverable, but the grounds for that ruling are unclear. With respect to document 393, Judge Roby ruled, after an *in camera* review of the document, that it was discoverable.[5]

In addition to those documents for which the Court deferred ruling, the Court rules herein with respect to Documents 68, 69, 72, 105, and 505. Documents 68, 69, and 72 are documents for which Judge Roby ordered production on the basis that they are not protected by the work product doctrine. Document 105 is another document for which Judge Roby ordered production on the basis that the document is not protected by the work product doctrine. Document 505 is a document for which Judge Roby ordered production in the body of her Order, but then ordered that the document not be produced later in that same Order.

It is well settled that a Magistrate Judge's Order may be reversed only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); LR 72.2. Accordingly, the Court has considered all of the documents on which Judge Roby ruled, and considered whether Judge Roby's rulings were clearly erroneous or contrary to law. The Court rules as follows:

## I.       Documents 68, 69, and 72

These documents are emails between HCC attorneys. Judge Roby's Order states that

---

[5] R. Doc. 262.

these documents must be produced because they are not protected by the work product doctrine. However, even if these documents are not subject to that doctrine, they are still protected under the attorney-client privilege. The Court hereby reverses Judge Roby's Order with respect to these documents. HCC need not produce these documents to Stone.

## II.     Documents 151, 152, 155, 285, 286, 296, 333, and 336

HCC failed to identify the author of the documents on its privilege log. As a result, HCC has not established that a privilege exists with respect to these documents. *See* FED. R. CIV. P. 26(b)(5). Judge Roby ordered that these documents are discoverable and ordered them produced, and this Court hereby affirms that ruling.

## III.    Document 393

This document, which is an email regarding the filing of this case from HCC's attorney Jay Lonero to Dunbar Healy, general counsel for HCC's subsidiary and Harold Vines, HCC's vice president of claims, and forwarded to others at the subsidiary and to HCC's adjuster Mike Shreve, is protected by the attorney-client privilege. Judge Roby ruled that this document is discoverable, but this Court finds that the document is protected by the attorney-client privilege. Judge Roby's Order is hereby reversed with respect to document 393. HCC need not produce this document to Stone.

## IV.    Documents 2, 4, 6, 7, 63, 103, 112, 113, 142, 145, 153, 154, 156, 297, 298, 308, 327, 352, 353, 424, 425, 428, 468, 501, 503, 504, 506, 507, 509, 510, 511, and 512

These documents all contain communications to and from HCC's adjuster Mike Shreve, HCC, and its counsel. Judge Roby held that these documents were all discoverable because they are not protected by the work product doctrine.

As a threshold matter, the Court notes that Rule 26(b)(3) of the Federal Rules of

Civil Procedure governs the disclosure of documents prepared in anticipation of trial. In an earlier case, Judge Roby explained the contours of this doctrine:

> The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation. *Blockbuster Entertainment Corp. v. McComb Video, Inc.*, 145 F.R.D. 402, 403 (M.D.La.1992). It protects two categories of materials: ordinary work-product and opinion work product. *Snowden v. Connaught Lab. Inc.*, 137 F.R.D. 325, 330−32 (D.Kan.1991); *See generally Upjohn Co. v. U.S.*, 449 U.S. 383, 400−02 (1981). However, the Doctrine is not an umbrella that shades all materials prepared by a lawyer, or agent of the client. It focuses only on materials assembled and brought into being in anticipation of litigation. Excluded from the work-product doctrine are materials assembled in the ordinary course of business. *United States v. El Paso Co.*, 682 F.2d 530 (5 th Cir.1982), *cert. denied*, 466 U.S. 944 (1984). It also does not extend to the underlying facts relevant to the litigation. *See generally Upjohn,* 449 U.S. at 395−96. In determining whether a document was made in anticipation of litigation, the primary focus is on the reason or purpose for creating the document. *Beal v. Treasure Chest Casino*, No. 98−0786, 1999 WL 461970,*3 (E.D.La. July 1, 1999). Moreover, the burden of showing that documents were prepared in anticipation of litigation, and therefore, constitute work product, falls on the party seeking to protect the documents from discovery. *St. James Stevedoring Co., Inc. v. Femco Machine Co.*, 173 F.R.D. 431, 432 (E .D. La.1997).

*Piatkowski v. Abdon Callais Offshore, LLC*, No. 99-3759, 2000 WL 1145825, at *1-2 (E.D. La. Aug. 11, 2000). It is clear that Shreve was acting as the agent of HCC with respect to all of these documents. The Court will consider whether Shreve's communications should be protected by the work product doctrine.

Because insurance companies are in the business of conducting, investigating, and evaluating claims against their policies, determining whether documents prepared by an agent of the insurance company can become very complicated. *Piatkowski*, 2000 WL 1145825, at *2. Because of this complexity, "[w]hen it comes to insurance claims adjuster's

files, '[t]he overwhelming majority of federal courts that have addressed the issue ... have maintained the fact specific approach,' which requires an inquiry into 'whether a given item of discovery was produced in anticipation of litigation.'" *Kan. City S. Ry. Co. v. Nichols Const. Co.*, No. 05-1182, 2007 WL 2127820, at *3 (E.D. La. July 25, 2007) (Berrigan, J.) (quoting *S.D. Warren Co. v. Eastern Elec. Co.*, 201 F.R.D. 280, 283 (D.Me. 2001))**.** In making this fact-specific inquiry, courts consider the primary motivating purpose behind the creation of the document, more so than the timing of production of that document. *Kan City. S. Ry. Co.*, 2007 WL 2127820, at *4 (citing *Piatkowski*, 2000 WL 1145825, at *2). As noted by Judge Berrigan in *Kansas City Southern Railway*, the severity of an accident plays a role in the determination, such that investigative files tend to be protected under the work product doctrine after an accident so serious that litigation is inevitable**.** *Id.* at 5 (comparing *Holton v. S & W Marine, Inc.*, No. 00-1427, 2000 WL 1693667 (E.D. La. Nov. 9, 2000) (Fallon, J.) with *Hamilton v. Canal Barge Co., Inc.*, 395 F. Supp. 975 (D.C. La. 1974) (Rubin, J.)).

Finally, even if a party shows that documents were prepared in anticipation of litigation, the party seeking discovery may still be able to obtain the documents by showing a "substantial need of the materials . . . and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R. Civ. P. 26(b)(3).

The documents addressed in this section may be further broken down into subsets as set forth below.

## A.     Documents 2, 4, 6, 7, 63, 153, 156, 333, and 336

These documents are "incident note forms," "incident inquiry forms," and "loss

notification and description" forms prepared by Shreve for HCC. HCC argues that these documents were prepared in anticipation of litigation, while Stone argues that these documents were created in the ordinary course of HCC's business as an insurance company. Stone also argues these documents are necessary to its waiver and estoppel arguments, and because what HCC knew, and the timing of HCC's gaining any relevant knowledge, are important things to consider when making such legal arguments, that even if the documents are subject to the work product doctrine, they should still be produced under the hardship exception.

Given the severity of the allision that led to the Limitation Action, it cannot be said that these reports were created in the ordinary course of business and not in anticipation of litigation. The allision occurred on July 28, 2007, and Shreve prepared these forms for his employer, HCC, in the weeks and months immediately following. While Stone argues that these documents are necessary for its waiver and estoppel arguments, this Court is not convinced that Stone could not obtain other evidence showing what HCC knew and when without incurring any substantial hardship. Accordingly, these documents are protected by the work product doctrine. Judge Roby's Order is hereby reversed with respect to these documents. HCC need not produce these documents to Stone.

### B.    Documents 112 and 297

These document are "Large Loss Reports" prepared by Shreve for HCC in October 2007 and August 2010, respectively. These documents were clearly prepared in anticipation of litigation; the October 2007 Large Loss Report was created shortly before the Limitation Action was filed, and the August 2010 Large Loss Report was created shortly before this declaratory judgment action was filed. These documents are not discoverable

under the work product doctrine. Judge Roby's Order is hereby reversed with respect to these documents, and HCC need not produce them to Stone.

### C. Document 113

This document contains Shreve's notes from October 2007. At the time these notes were taken, litigation was inevitable, so it cannot be said that these documents were taken in the ordinary course of business and not in anticipation of litigation. Accordingly, Judge Roby's Order that this document is discoverable is hereby reversed. HCC need not produce this document to Stone.

### D. Documents 103, 105,[6] 142, 145, 298, 327, 352, 353, 468, 501, 503, 504, 506, 507, 509, 510, 511, 512

These documents are all emails sent to and from Shreve to HCC and/or its counsel. It cannot be said that these emails were sent in the ordinary course of business and not in anticipation of litigation, as they all seem to relate to claims and defenses resulting from the July 2007 allision. While Stone argues that these documents are necessary for its waiver and estoppel arguments, this Court is not convinced that Stone could not obtain other evidence showing what HCC knew and when without incurring any substantial hardship. Accordingly, these documents are protected by the work product doctrine. Judge Roby's Order is hereby reversed with respect to these documents. HCC need not produce these documents to Stone.

### E. Document 154

This document is a "memorandum regarding litigation information" prepared by

---

[6] Document 105 is an email from Shreve to Healy "regarding counter-indemnity, stipulation for value limitation and order for stipulation of value," written on November 1, 2007. While this document was not included in the list of documents for which the Court deferred ruling in the Order issued on September 15, 2012, it should have been. The Court is now ruling that the document is not discoverable.

Shreve for HCC in December 2008. This document was clearly created in anticipation of litigation. Judge Roby's Order is hereby reversed with respect to this document, and HCC need not produce it.

### F.     Document 308

This document contained notes from Shreve "regarding ruling and defense," supplied by Shreve to HCC shortly after Judge Zainey's ruling holding defendant Supreme Towing liable for the July 2007 allision that gave rise to the declaratory judgment action now before this Court. The timing of this document, and the purpose for which it seems to have been created, both indicate that it was created in anticipation of litigation. Accordingly, Judge Roby's Order is hereby reversed with respect to this document, and HCC need not produce it to Stone.

### G.     Documents 424, 425, 428

These documents are a "loss history" prepared in November 2007 and a "protection and indemnity loss record" prepared in September 2007. Documents 425 and 428 appear to be identical based on HCC's privilege log. These documents were created in anticipation of litigation, and are thus protected under the work product doctrine. Judge Roby's Order is hereby reversed with respect to these documents. HCC need not produce these documents to Stone.

### V.     Documents 429-435

These documents are all internal corporate documents regarding HCC's litigation guidelines and claims handling procedures and are not directed at any specified recipient. Judge Roby held that these documents are not protected by the work product doctrine. This Court hereby affirms Judge Roby's ruling with respect to documents 429-435. HCC

must produce these documents to counsel for Stone.

## VI.   Document 418 and 426

Document 418 is a policy application for coverage of Supreme, prepared by Baldwin Brown, an underwriter for HCC's subisidary Continental Underwriters, in December 2006. Document 426 is a memo regarding renewal of that policy authored by Simonne Brown and sent to Baldwin Brown. Baldwin Brown is not an attorney, and HCC has not otherwise met its burden of showing that these documents should be protected under the work product doctrine. Accordingly, Judge Roby's Order is affirmed with respect to these documents, and HCC must produce these documents to Stone.

## VII.   Documents 420, 421, 422, and 427

These documents involve the Marcello Agency, Supreme's broker. As such, they are not protected by the attorney-client privilege or work product doctrine. Judge Roby's Order is hereby affirmed with respect to these documents. HCC must produce these documents to Stone.

## VIII.  Documents 423, 471, 477, 479, 508,and 513

These documents are emails among various HCC and Continental Underwriters employees, who are not, to the Court's knowledge, attorneys. Although these employees may be involved in the claims process, HCC has not, on the face of the privilege log, met its burden of establishing that these communications are protected work product. The Court will review these documents *in camera* prior to the start of trial on September 17, 2012. The Court further defers ruling on HCC's motion for appeal/review of Judge Roby's Order with respect to these documents, and further extends the stay of that Order with respect to these documents. HCC need not produce these documents to Stone at this time.

## IX.    Document 505

With respect to document 505, the body of Judge Roby's Order states that the document is not discoverable, but then includes the document in both the "GRANTED" section and "DENIED" section at the end of the Order (i.e. ordering that the document be produced, but also that it not be produced). The document is protected by the work product doctrine, as Judge Roby determined in the body of her Order. HCC need not supply Stone with this document. To the extent that Judge Roby's Order states that this document must be produced, that Order is reversed.

## CONCLUSION

Yesterday, the Court deferred ruling on HCC's motion for appeal/review. The Court has now made its decision with respect to most of the documents on which Judge Roby ruled. The Court further defers ruling with respect to certain documents, but will rule on the discoverability of those documents prior to trial.

Accordingly, **IT IS ORDERED** that Judge Roby's Order be and hereby is **AFFIRMED** with respect to documents 151, 152, 155, 285, 286, 296, 333, 336, 418, 420, 421, 422, 426, 427, 429, 430, 431, 432, 433, 434, 435. HCC shall produce these documents, in electronic form, to counsel for Stone **no later than 5:00 p.m. on Sunday, September 16, 2012.**

**IT IS FURTHER ORDERED** that Judge Roby's Order be and hereby is **REVERSED** with respect to documents 2, 4, 6, 7, 63, 68, 69, 72, 103, 105, 112, 113, 142, 145, 153, 154, 156, 297, 298, 308, 327, 333, 336, 352, 353, 393, 424, 425, 428, 468, 501, 503, 504, 505, 506, 507, 509, 510, 511, and 512. HCC need not produce these documents to Stone.

**IT IS FURTHER ORDERED** that the partial temporary stay of Judge Roby's Order be and hereby is **LIFTED** except with respect to documents 423, 471, 477, 479, 508, and 513**,** on which the Court has deferred ruling.

**IT IS FURTHER ORDERED** that the Court **FURTHER DEFERS** ruling on HCC's appeal/review of Judge Roby's Order with respect to documents 423, 471, 477, 479, 508, and 513**.**

**IT IS FURTHER ORDERED** that counsel for HCC shall provide these documents, in hard copy format, to the Court for *in camera* review at **8:30 a.m. on September 17, 2012.** The Court will rule on HCC's appeal/review of Judge Roby's Order with respect to these documents at that time. In the meantime, Judge Roby's Order is **FURTHER STAYED** with respect to documents 423, 471, 477, 479, 508, and 513, and HCC need not produce these documents to Stone at this time.

**New Orleans, Louisiana, this 16th day of September, 2012.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**