**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HOUSTON CASUALTY COMPANY,**     **CIVIL ACTION**
  **Plaintiff**

**VERSUS**           **No.  10-3367**

**SUPREME TOWING CO., INC.,**     **SECTION "E"**
  **Defendant**

## ORDER AND REASONS

   This bench trial of this case is scheduled to begin on September 17, 2012.  On September 4, 2012, the parties submitted definitive lists of witnesses they plan to call at trial.  On September 10, 2012, the parties submitted bench books to the Court with exhibits they plan to introduce at trial.  Also on September 10, 2012, the parties submitted objections to certain exhibits and certain proposed witnesses. Now before the Court is intervenor Stone Energy Offshore, LLC's ("Stone") objections to plaintiff Houston Casualty Company's ("HCC") trial exhibits;[1] HCC's objections to Stone's proposed exhibits and witnesses;[2] and HCC's objections to Stone's fact witness Elder Brown, III.[3] The Court rules as follows.

## STONE'S OBJECTIONS

   Stone objects to a number of HCC's proposed exhibits.  The Court will address each objection in turn.

## I.  Bench Book Exhibits 146-147

---

  [1] R. Doc. 243.

  [2] R. Doc. 245.

  [3] R. Doc. 249.

Stone objects to HCC introducing excerpts from a United States Coast Guard manual, claiming that the exhibits were not timely produced and identified.[4] These documents were not discussed in the report prepared by David Cole, HCC's expert on Coast Guard regulations, nor were they attached to that report. HCC argues that an unsworn declaration of David Cole attached to its opposition to Stone's motion for summary judgment is a supplement to Cole's report.[5] This is not an acceptable method of supplementing an expert report and is not an excuse for not producing the documents timely. There is no indication that Stone had any opportunity to depose Cole with respect to these documents. **IT IS ORDERED** that Stone's objection to Bench Book Exhibits 146 and 147 be and hereby is **GRANTED**. These exhibits will not be admitted into evidence.

## II.  Bench Book Exhibits 148-149

Stone objects to HCC introducing copies of Stone's and defendant Supreme Towing's ("Supreme") responses to interrogatories propounded by HCC.[6] As Judge Zainey said in denying a similar attempt by Supreme to introduce Stone's discovery responses in the Limitation Action,[7] unless included in the pretrial order as an uncontested material fact, the answer to an interrogatory may only be used for impeachment. **IT IS FURTHER ORDERED** that Stone's objection to Bench Book Exhibits 148 and 149 be and hereby is **GRANTED.** These exhibits will not be introduced into evidence except in connection

---

[4] *See* Bench Book Exs. 146-147.

[5] R. Doc. 209-14.

[6] *See* Bench Book Exs. 148-149.

[7] *See* R. Doc. 262 in *In Re: Supreme Towing Co., Inc. as owner and operator of the M/V CAPT. BRENNAN*, Civil Action No. 2:07–cv–09231 (the "Limitation Action").

with their use for impeachment purposes.

### III.    Bench Book Exhibit 153(A)-(H)

Stone objects to HCC introducing copies of marine insurance policies not involving HCC or Supreme.[8] These documents were not provided to Stone in a timely fashion, and there is no indication that Stone has had an opportunity to depose any HCC witness with respect to their contents. **IT IS FURTHER ORDERED** that Stone's objection to Bench Book Exhibit 154(A)-(H) be and hereby is **GRANTED**. HCC will not be allowed to introduce these exhibits at trial.

## HCC's OBJECTIONS

HCC objects to a number of Stone's proposed exhibits, and also to certain witnesses Stone plans to introduce at trial. The Court will address each objection in turn, beginning with HCC's objections to Stone's proposed witnesses.

### I.    Greg Ernst

HCC objects to Greg Ernst testifying at trial.[9] HCC argues that Mr. Ernst should not be allowed to testify at trial because anything Stone asks him, other than about his conversations with Jeffrey Bridger, is privileged. HCC's objection to Mr. Ernst's testimony is based on essentially the same reasoning as its Motion for Protective Order to Quash Notice of Deposition of Attorney Gregory L. Ernst[10] and its opposition to Stone's Motion to Compel Documents Withheld as Privileged.[11] On September 14, 2012, Magistrate Judge

---

[8] *See* Bench Book Ex. 153(A)-(H).

[9] *See* R. Doc. 245 at pp. 11-12.

[10] R. Doc. 133.

[11] R. Doc. 177. Stone's motion to compel is R. Doc. 169.

Roby granted in part Stone's motion to compel, ordering HCC to turn over a number of documents related to Mr. Ernst, and also ordering HCC to bring several documents to her chambers for *in camera* review to determine whether those documents are, in fact, privileged.[12]  On that same day, Judge Roby issued a supplemental order directing the production of one additional document but withholding production of several others.[13] In her first order on September 24, 2012, Judge Roby held that there was no common interest between HCC, Supreme and Ernst, and that, even if a common interest and/or attorney-client relationship existed at one time, HCC had waived its right to exclude evidence based on that privilege.  As a result, Judge Roby found that the documents sought by Stone relating to Mr. Ernst were not privileged and she ordered their production.[14] This Court has affirmed Judge Roby's ruling on this point.[15]  **IT IS FURTHER ORDERED** that HCC's objection to Mr. Ernst's testimony be and hereby is **DENIED**.  Mr. Ernst will be allowed to testify at trial.

## II.    Jeffrey Bridger

HCC objects to Jeffrey Bridger testifying at trial.[16]  HCC argues that Mr. Bridger should be allowed to testify only as to his communications with Mr. Ernst, and that anything else is privileged.  On September 4, 2012, Judge Roby granted in part and denied in part HCC's motion to quash Stone's subpoena and notice of deposition to Mr. Bridger,

---

[12] R. Doc. 255.

[13] R. Doc. 262.

[14] *See id.*

[15] R. Doc. 266.

[16] *See* R. Doc. 245 at p. 11.

holding that Stone would be allowed to question Mr. Bridger about his communications with Mr. Ernst, but would not be allowed to question Mr. Bridger as to his legal opinions and the drafting of any HCC correspondence with Supreme.[17] **IT IS FURTHER ORDERED** that HCC's objection to Mr. Bridger's testimony be and hereby is **GRANTED.** Mr. Bridger will be allowed to testify at trial only with respect to his communications with Mr. Ernst, as set forth in Judge Roby's Order.

### III. Elder Brown III

HCC also objects to Stone's fact witness Elder Brown, III testifying at trial.[18] HCC argues that Mr. Brown's testimony is irrelevant, while Stone argues that Mr. Brown's testimony will be relevant to many of its legal arguments. The Court defers ruling on HCC's objection to Mr. Brown's testimony until trial. HCC is free to re-urge its objection if Mr. Brown is called as a witness.

### IV. Bench Book Exhibit 120

HCC objects to Stone introducing documents produced by HCC's fact witness Ed Shearer.[19] Stone has since withdrawn this exhibit, reserving its rights to cross-examine Mr. Shearer on the contents of Mr. Shearer's file at trial.[20] **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibit 120 be and hereby is **DISMISSED AS MOOT.**

### V. Bench Book Exhibits 121, 131, 133-138, and 140-142

HCC objects to a number of documents related to conversations it contends are

---

[17] *See* R. Doc. 223.

[18] R. Doc. 249.

[19] Bench Book Ex. 120.

[20] *See* R. Doc. 252 at p. 10.

privileged.[21]  Bench Book Exhibit 121 is a placeholder, inserted by Stone in the event that Stone prevails on its motion to compel and HCC is required to turn over certain documents previously claimed as privileged.  On September 14, 2012, Judge Roby granted Stone's motion to compel in part and ordered HCC to turn over a number of documents.  This Court has affirmed Judge Roby's ruling with respect to many of these documents and, it appears to the Court, that these documents are the ones intended to be included under this placeholder number.  To the extent Judge Roby determined, and this Court upheld her ruling, that documents HCC claimed were privileged are not in fact privileged, those documents may be introduced into evidence at trial.

In addition, because Judge Roby held, and this Court affirmed, that Ernst's communications with HCC and/or Supreme are not privileged, the following are specifically admissible: Bench Book Exhibit 131,[22] Bench Book Exhibit 134,[23] Bench Book Exhibit Exhibit 135, Bench Book Exhibit 137, Bench Book Exhibit 138,[24] Bench Book Exhibit 140, Bench Book Exhibit 141, and Bench Book Exhibit 142.  Furthermore, Judge Roby held that the documents authored by the Marcello Agency are admissible because there is no common interest between Marcello, Supreme and HCC.  As a result Bench Book Exhibit 133, which is a document entitled "Marcello Agency Underwriting Information," is specifically admissible.  **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibits  121, 131, 133, 134, 135, 137, 38, and 140-142 be and hereby are **DENIED**.

---

[21] Bench Book Exs. 121, 131, 133-138, and 140-142.

[22] Which is number 135 on HCC's Privilege Log and has been required to be produced.

[23] Which is number 127 on HCC's Privilege Log and has been required to be produced.

[24] Which is number 95 on HCC's Privilege Log and has been required to be produced.

With respect to Bench Book Exhibit 136, which is a November 2007 email from Mr. Bridger to HCC's adjuster Mike Shreve, Judge Roby has already held that information related to this November 2007 correspondence sent by Mr. Bridger to Supreme on behalf of HCC is privileged. Accordingly, **IT IS FURTHER ORDERED** that HCC's objections to Stone's introduction of Bench Book Exhibit 136 be and hereby is **GRANTED**. Stone will not be allowed to introduce this document at trial.

## VI. Bench Book Exhibit 122

HCC objects to Stone introducing photographs dated April 27, 2006 of two Supreme vessels - the M/V CAPTAIN BRENNAN and the M/V KYLE JOSEPH - that were taken by Claude Pritchett in connection with Condition and Valuation Surveys conducted by Mr. Pritchett for Supreme.[25] HCC does not argue that the photographs of the M/V CAPTAIN BRENNAN are objectionable, but argues that the photographs of the M/V KYLE JOSEPH are irrelevant and confusing. However, the photographs have been clearly labeled by Stone to avoid confusion, and because this is a bench trial, the risk of confusion is not as great an issue. **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibit 122 be and hereby is **DENIED.** Stone will be allowed to introduce these photographs as exhibits at trial.

## VII. Bench Book Exhibit 123

HCC objects to Claude Pritchett's safety program outline because it is irrelevant, prejudicial, and not yet authenticated.[26] Stone argues that the document is relevant, and that it will properly authenticated it at trial. The Court defers ruling on this objection at this

---

[25] Bench Book Ex. 122.

[26] Bench Book Ex. 123.

time.  HCC is free to re-urge this objection if Stone attempts to introduce this document at trial.

## VIII.  Bench Book Exhibits 125, 150, and 151

HCC objects to Stone introducing certain documents showing that Supreme's insurance premiums increased after the allision, which Stone argues was a result of HCC not settling Stone's claim against Supreme earlier than it did.[27]  HCC argues that the documents are irrelevant and confusing.  The Court finds that these documents may be relevant to Stone's estoppel argument, and also to the issue of damages sought by Stone as real counterclaimant in interest for Supreme.  **IT IS FURTHER ORDERED** that HCC's objections to Bench Book Exhibits 125, 150, and 151 be and hereby are **DENIED**.  Stone will be allowed to introduce these documents at trial.

## IX.  Bench Book Exhibit 127

HCC objects to Stone introducing a Covenant Claims Service Safety Audit dated May 2, 2007, claiming that it is irrelevant, prejudicial, and not yet authenticated.[28]  The Court defers ruling on this objection at this time.  HCC is free to re-urge its objection if Stone attempts to introduce this document at trial.

## X.  Bench Book Exhibit 128

HCC objects to Stone introducing a Notice of Federal Interest for an Oil Pollution Incident, dated July 30, 2007, that was sent by the Captain of the Port of New Orleans to Supreme.[29]  Stone argues that this document is relevant to the issue of waiver.  This Court

---

[27] Bench Book Exs. 125, 150, and 151.

[28] Bench Book Ex. 127.

[29] Bench Book Ex. 128.

agrees that the document may be relevant to the issue of waiver. **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibit 128 be and hereby is **DENIED.** Stone will be allowed to introduce this document at trial.

## XI.  Bench Book Exhibits 129, 130, and 132

HCC objects to Stone introducing documents[30] relating to the Coast Guard's investigation of Supreme's Captain in connection with the allision, and the ensuing settlement of those claims, arguing that the Coast Guard complaint is inadmissible to show that the Captain actually violated any regulation, and also that the documents relative to the settlement reached between the Coast Guard and the Captain are likewise inadmissible to show fault on the part of Supreme. HCC likens the Coast Guard complaint and the settlement documents to a criminal citation and a plea agreement in which a defendant settles his or her case without admitting fault - both of which would clearly not be admissible to show the defendant's fault under Federal Rule of Evidence 408. In support of this contention, HCC cites to two cases in which courts held that evidence of a traffic ticket is inadmissible in a civil case to show that a driver was charged with a traffic violation. *See Maricle v. Liberty Mut. Ins. Co.*, No. 04-1149, p. 9 (La. App. 3 Cir. 3/2/05); 898 So.2d 565, 572-73; *Iglinsky v. Player*, No. 08-650, 2010 WL 4925000, at *6 (M.D. La. July 16, 2010).

Stone argues that it is introducing the documents not to show that Supreme or the Captain actually violated the Coast Guard regulations, but instead to show that HCC was on notice of a potential violation of Coast Guard regulations.[31] In HCC's objection to the

---

[30] *See* Bench Book Exs. 129, 130, and 132.

[31] *See* R. Doc. 252 at pp. 15-18.

introduction of these documents, HCC recognized that Stone might make the argument that Stone is introducing them to show notice and not fault, and HCC counters by saying that the complaint was against Supreme's Captain, and not Supreme, and that Supreme's Captain settled with the Coast Guard, not Supreme. Stone argues that any negligence or Coast Guard violations committed by Supreme's Captain would be imputed to Supreme.

While evidence of settlement discussions is not admissible to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction . . . [t]he court may admit this evidence for another purpose." FED. R. EVID. 408. Whether evidence should be admitted for "another purpose" under Rule 408 is within the discretion of the district court. *Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984). The Court agrees with Stone that the evidence related to the Coast Guard complaint and the Coast Guard settlement may be relevant to the issue of HCC's knowledge of potential violations by the Captain of its insured, which in turn may be relevant to Stone's waiver argument. Accordingly, this evidence is admissible for "another purpose" than to show Supreme's or the Captain's liability or fault with respect to the allegations of violations of Coast Guard regulations. The Court is not persuaded by HCC's arguments that such evidence would be confusing or overly prejudicial, as this is a bench trial, and the Court is capable of assigning borderline admissible evidence the weight it deserves, if any. **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibits 129, 130, and 132 be and hereby is **DENIED.** Stone will be allowed to introduce these documents at trial.[32]

### XII.   Bench Book Exhibit 139

---

[32] The Court notes, however, that Stone will not be permitted to use these documents for any purpose prohibited by Rule 408, including attempting to show whether Supreme and/or the Captain was actually guilty of violating any Coast Guard regulation.

HCC objects to Stone introducing the minute entry entered by Judge Roby after a settlement conference in the Limitation Action, arguing that Stone is attempting to introduce the document to show how the attorneys and parties aligned in that case.[33] While this document is a part of the public record, this document is not admissible for the purpose for which Stone is asserting. **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibit 139 be and hereby is **GRANTED.** Stone will not be allowed to introduce this exhibit at trial.

### XIII.  Bench Book Exhibit 143

HCC objects to Stone introducing Chart 11363, which Stone claims is a true size copy and a reduced copy of the chart onboard the M/V CAPTAIN BRENNAN at the time of the allision.[34] **IT IS FURTHER ORDERED** that HCC's objection to Bench Book Exhibit 143 be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Stone will be allowed to introduce Chart 11363 at trial, but only to show its size and content. Stone will not be allowed to introduce Chart 11363 to show its condition or color on the date of the allision in 2007.

### XIV.  Bench Book Exhibit 144

HCC objects to Stone introducing the corporate deposition notice sent to HCC and the transcript of the deposition of HCC's corporate representative.[35] Under Federal Rule of Civil Procedure 30(b)(6), a party may take the deposition of another corporate party through the corporation's corporate representative, and the resulting deposition is

---

[33] Bench Book Ex. 139.

[34] Bench Book Ex. 143.

[35] Bench Book Ex. 144.

admissible as evidence at trial. Indeed, HCC agrees that the information contained in HCC's corporate deposition is admissible, but argues that it is cumulative. The Court disagrees. **IT IS FURTHER ORDERED** that HCC's Objection to Bench Book Exhibit 144 be and hereby is **DENIED.** Stone will be allowed to introduce this document at trial.

## XV. Bench Book Exhibit 145

Finally, HCC objects to Stone introducing the corporate deposition notice sent to Fidelis Holdings and the transcript of the deposition of Fidelis Holdings' corporate representative.[36] Fidelis Holdings is not a party in this case, and the deposition of its corporate representative is not admissible under Rule 32. *See* FED. R. CIV. P. 32. **IT IS FURTHER ORDERED** that HCC's Objection to Bench Book Exhibit 145 be and hereby is **GRANTED.** Stone will not be allowed to introduce this document at trial.

**New Orleans, Louisiana, this 16th day of September, 2012.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[36] Bench Book Ex. 144.